UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. WEBB,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA SUPERIOR COURT, COUNTY OF SAN MATEO, et al.,<br><br>    Defendants. | Case No. 21-cv-07100-JST<br><br>**ORDER OF DISMISSAL**<br><br>Re: ECF No. 21 |

Plaintiff, an inmate at Maguire Correctional Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (ECF No. 21) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has paid the filing fee. ECF No. 24.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

1 grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
2 While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
3 the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
4 A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
5 cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
6 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a
7 right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
8 violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
9 U.S. 42, 48 (1988).

**B.    Complaint**

The operative complaint names the following defendants: the State of California; the executive office of San Mateo Superior Court, judicial officer Jeffrey Finigan, and judicial officer V. Raymond Swope.

The complaint makes the following allegations:  Plaintiff has received inadequate representation from his attorney Paul DeMeester. *See generally* ECF No. 12.  According to the initial complaint, Mr. DeMeester is representing Plaintiff in a state criminal case, C No. 19-SF-000710.  ECF No. 1 at 3.  Plaintiff has sued Mr. DeMeester in C No. 20CIV02367.  On November 12, 2020, Judge Finigan denied Plaintiff's request to discharge Mr. DeMeester as his defense attorney, in violation of Plaintiff's constitutional right to be represented by counsel free of any conflict of interest.  The San Mateo Superior Court and Judge Swope deprived Plaintiff of due process when they refused to enter default judgment against Mr. DeMeester where Mr. DeMeester failed to timely answer the complaint filed against him by Plaintiff. *See generally* ECF No. 21. Plaintiff seeks a preliminary injunction requiring Mr. DeMeester to cease representing Plaintiff in his criminal case and requiring the San Mateo County Superior Court to enter default judgment against the defendants in C No. 20-CIV-02367 or engage in civil litigation to hold the State of California liable to Plaintiff for $500,000 in statutory damages. *See generally* ECF No. 12.

This action will be dismissed for the following reasons. First, *Younger v. Harris*, 401 U.S. 47 (1971) and the *Rooker-Feldman* doctrine require that the Court abstain from considering

2

1  Plaintiff's claims.  Second, Section 1983 prohibits the claims for injunctive relief against
2  defendants Judges Finigan and Swope.

### 1. Abstention

Plaintiff's request that the Court order that Mr. DeMeester cease representing him in state court criminal case C No. 19-SF-000710 is barred by *Younger* because it would require the Court's interference with ongoing state court criminal proceedings.  *Younger* provides that federal courts should not interfere with ongoing state criminal proceedings except under extraordinary circumstances, such as cases of proven harassment, prosecutions undertaken by state officials in bad faith, and other extraordinary cases where irreparable injury can be shown.  *Younger*, 401 U.S. at 43-45, *Perez v. Ledesma*, 401 U.S. 82, 86 (1971).  *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).  *Younger* abstention is appropriate here because the state proceedings are ongoing; the Supreme Court has held that state criminal proceedings implicate important state interests, *see Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("states' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"); Plaintiff has an adequate opportunity to raise his claim in the pending state proceedings through direct appeal and collateral review; and the practical effect of the injunctive relief sought would require this Court to directly interfere with state court proceedings.  Finally, Plaintiff has not demonstrated the extraordinary circumstances that would constitute an exception to *Younger* abstention, only alleging that a conflict of interest exists because he created one by filing a lawsuit against Mr. DeMeester.

Plaintiff's request that the Court require the San Mateo County Superior Court to enter

3

default judgment against the defendants in C No. 20-CIV-02367 or engage in civil litigation to hold the State of California liable to Plaintiff for $500,000 in statutory damages is a *de facto* request that the Court overturn or otherwise review a state court decision.  Under *Rooker-Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *Mothershed v. Justices*, 410 F.3d 602, 606 (9th Cir. 2005).  The *Rooker-Feldman* doctrine applies even when the state court judgment is not made by the highest state court.  *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986).  The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *see also Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine applies to "cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").   The *Rooker-Feldman* doctrine applies here because Plaintiff's requests for relief would require the Court to review state court decisions.

### 2. Judges Finigan and Swope

While the doctrine of judicial immunity does not bar claims for injunctive relief in Section 1983 actions, *see Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable," 42 U.S.C. § 1983.  Where the injunctive relief requested would require the federal court to supervise ongoing state judicial proceedings, federal courts should refrain from issuing an injunction as a matter of comity.  *See Pulliam*, 466 U.S. at 539. Here, the challenged actions taken by defendants Judges Finigan and Swope were actions taken in their judicial capacity, and no declaratory decree was violated and there is no indication that

declaratory relief is unavailable. Plaintiff's claims for injunctive relief against Judges Finigan and Swope fail as a matter of law.

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES this action as barred by *Younger* and the *Rooker-Feldman* doctrine. In addition, Plaintiff's claims for injunctive relief against Judges Finigan and Swope are barred by Section 1983 and therefore fail as a matter of law. The dismissal is with prejudice. The Clerk shall enter judgment in favor of Defendants and against Plaintiff, deny all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated:  November 16, 2022

JON S. TIGAR
United States District Judge